IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMET N. BILLINGSLEAY, | ) | |
| # 191991, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12cv1002-TMH |
| | ) | (WO) |
| TONY PATTERSON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The petitioner's application for leave to proceed *in forma pauperis* (Doc. No. 2), is hereby GRANTED.

This case is before the court on a *pro se* 28 U.S.C. § 2254 petition for habeas corpus relief (Doc No. 1) filed on or around November 13, 2012, by Alabama prisoner Jamet N. Billingsleay ("Billingsleay"). Billingsleay challenges a conviction for capital murder entered against him in February 1997 by the Circuit Court of Russell County. Upon review of Billingsleay's petition and this court's records, it is clear that Billingsleay is not entitled to relief from this court and that his petition should be dismissed.

**I.   DISCUSSION**

The records of this court indicate that on November 16, 2001, Billingsleay filed a previous habeas petition under 28 U.S.C. § 2254 challenging the same capital murder conviction he challenges by his instant petition. *See Billingsleay v. Jones*, Civil Action No. 3:01cv1349-ID, Doc. No. 1. On April 2, 2003, this court denied that habeas petition after

determining that it was not filed within the one-year limitation period contained in 28 U.S.C. § 2244(d)(1).  *Id.*, Doc. Nos. 18, 22, and 23.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1]  28 U.S.C. § 2244(b)(3)(B) and (C).

---

[1] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in

(continued...)

The dismissal of a § 2254 petition for tardiness under § 2244(d)(1) qualifies as an adjudication on the merits for purposes of successive-petition rules and renders future challenges to the same conviction under § 2254 "second or successive" and subject to the requirements of § 2244(b)(1) through (4).  *Murray v. Greiner*, 394 F.3d 78. 79 (2d Cir. 2005)*; see also, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).  It is apparent that Billingsleay has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  Because this undertaking is a successive habeas corpus petition and because Billingsleay does not have permission from the Eleventh Circuit to file a successive habeas petition, this court lacks jurisdiction to grant the requested relief.  *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the instant petition for habeas corpus relief is due to be denied and this case summarily dismissed.  *Gilreath*, 273 F.3d at 934.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

---

[1](...continued)
light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

1.  The instant petition for habeas corpus relief filed by filed by Billingsleay be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Billingsleay has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before **January 25, 2013,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

DONE, this 11th day of January, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE